[No. 1406.   Decided July 9, 1894.]

THE STATE OF WASHINGTON, *on the Relation of Alex. Mc-Leod*, v. THE SUPERIOR COURT OF THURSTON COUNTY AND J. C. HORR.

PLEA IN ABATEMENT — FINDING AGAINST DEFENDANT — RIGHT TO FURTHER ANSWER — CERTIORARI.

Under the statutes permitting amendments to pleadings, it is a matter within the discretion of the trial court to permit the filing of an amended answer upon the merits by defendant, after a finding against him upon his answer setting up the pendency of another suit between the parties in relation to the same subject matter.

Certiorari will not lie to review the action of the superior court in denying plaintiff's motion for judgment after a finding in his favor upon a plea in abatement, and granting leave to defendant to further plead.

*Original Application for Certiorari.*

*Robinson & Linn*, for relator.

*Charles H. Ayer*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Relator brought an action against J. C. Horr, in the superior court of Thurston county.   Said Horr, by way of answer to the complaint, set up the fact of the pendency of another suit in relation to the same subject matter. To this answer a reply was filed, and upon the issue thus made a trial was had; thereupon the court made an order finding that there was no cause pending at the time of the commencement of the action in which the parties and the issues were the same, and therefore found for the plaintiff. Immediately upon the entering of said finding plaintiff moved the court for judgment according to the prayer of his complaint, and the defendant asked leave of the court to file a further answer going to the merits of the action.

Upon the hearing of said motion the court entered an order denying that of the plaintiff, and permitting the defendant to further plead. These are substantially the facts set up in the petition of the relator as the foundation for his application for a writ of certiorari to said superior court and said J. C. Horr.

It was conceded upon the argument that if the proceedings of the court above set forth were within its jurisdiction, the application must be denied, however erroneous the making of the order may have been. But it is contended on the part of the relator that the making of such order was in excess of the jurisdiction of the court, and that for that reason he is entitled to have the proceedings certified here for review. It is claimed by him that by the filing of his answer setting up alone the fact of the pendency of another suit the defendant waived the right to make any other defense, and that it was beyond the power of the court to allow him thereafter to file another answer. That a judgment in favor of the plaintiff, rendered upon the determination of the issue raised by the pleadings, would have been final, there can be no doubt, and it is upon this fact the relator founds his argument, and most of the authorities cited by him only hold that a judgment rendered under these circumstances would as finally determine the rights of the parties as one rendered after the issues made by an answer on the merits had been determined in favor of the plaintiff.

But it does not follow from the fact that, if a judgment had been rendered and allowed to stand unreversed it would be final as to the rights of the parties, the trial court has no power to relieve a party from inadvertence or mistake before or after the entry of such judgment. The court may do this after the issues made by an answer upon the merits have been fully decided. Our statutes clearly contemplate such action. The courts are every day pro-

ceeding upon the theory that upon a proper showing they may afford such relief.    And there is no reason why the power of the courts should be more restricted after the determination of such an issue as the one raised by the pleadings in this case than upon the determination of other material issues.    Our statute as to amendments is very liberal, and by force thereof the court, upon a proper showing, and upon such terms as may be just, can furnish relief at almost any stage of the proceedings.    If it sets aside a finding or judgment in favor of the plaintiff without proper cause having been shown therefor, it may constitute such error as will authorize this court to reverse its determination in that regard upon appeal, but no relief could be furnished by way of a writ of certiorari for the reason that the lower court, having the right to investigate and determine whether or not good cause had been shown for its action, was clothed with jurisdiction to act in the matter. Nothing is made to appear from the petition in this cause which satisfies us that the court has even committed error, much less has the fact of its exceeding its jurisdiction been established.

The writ must be denied.

ANDERS, SCOTT and STILES, JJ., concur.

DUNBAR, C. J., concurs in the result.